People v E.H. (2025 NY Slip Op 50979(U))

[*1]

People v E.H.

2025 NY Slip Op 50979(U)

Decided on June 16, 2025

Youth Part, Erie County

Freedman, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on June 16, 2025
Youth Part, Erie County

The People of the State of New York

against
E.H. AO.

Docket No. FYC-71564-25/001

Taylor Yensan, Esq. (Assistant District Attorney)
Elias Farah, Esq. (for Principal E.H.)

Brenda M. Freedman, J.

The People having moved pursuant to Criminal Procedure Law, Article 722, § 722.23(1), et seq. for an order preventing removal of this action to the juvenile delinquency part of Erie County Family Court, and upon reading the Notice of Motion and Supporting Affidavit of Taylor L. Yensan, Esq. (Assistant District Attorney), dated May 30, 2025; no responsive papers having been received from Elias Farah, Esq. on behalf of AO E.H.; oral argument and a hearing on the motion having been waived in writing by the ADA; and due deliberation having been had, the Court finds the following:
Procedural History
AO E.H. is charged under FYC-71564-25/001 with one count of Criminal Possession of a Weapon in the Second Degree in violation of Penal Law Section 265.03(3), a class C felony, and Criminal Possession of a Weapon in the Third Degree in violation of Penal Law Section 265.02(8), a class D felony.
Accessible Magistrate Savage arraigned AO E.H. on May 1, 2025, and remanded him without bail. This Court arraigned AO E.H. later that same day and released him under Probation supervision.
On May 12, 2025, the People conceded the six-day reading, and this Court concluded that the charges did not meet the requirements of CPL § 722.23(2)(c) to presumptively remain in Youth Part. The People indicated that they would make a motion under CPL § 722.23(1) requesting that this matter not be removed to Family Court. A decision on the extraordinary circumstances motion was scheduled for June 10, 2025, and adjourned on consent of counsel to June 16, 2025.
Findings of Fact
It is alleged that on April 30, 2025, at or around 11:00 p.m., police officers observed a [*2]vehicle traveling at a high rate of speed. Officers attempted a traffic stop using their overhead lights. The vehicle did not immediately pull over, and Buffalo Police began pursuit of said vehicle. The vehicle eventually pulled over and the driver, later identified as AO E.H., exited from the rear driver's side door with a firearm and fled from Officers on foot. AO E.H. was observed running into the backyard of a residence, where he was detained by police.
A police officer recovered a 9 mm Lugar Canik TP9 Elite, bearing a serial number and loaded with 12 rounds in the magazine from AO E.H.'s direct flight path on the alleyway ground near the backyard where AO E.H. had fled. When an officer asked Defendant where the gun was, AO E.H. stated, "I threw it as far as I could over that fence." An officer made the weapon safe and clear. The weapon was submitted by police to the CPS Lab, which tested said weapon and found it operable.
Conclusions of Law
The Raise the Age Law defines a 16-year-old or 17-year-old person who was charged with a felony as an "adolescent offender" (CPL § 1.20 [44]; see Penal Law § 30.00 [1], [3] [a]). When an adolescent offender is charged with a violent felony as defined in Penal Law § 70.02, within six calendar days of the adolescent offender's arraignment, the youth part of superior court is required to review the accusatory instrument and determine whether the prosecutor has proven by a preponderance of the evidence that the adolescent offender caused 'significant physical injury' to someone other than a participant in the crime, displayed a 'firearm, shotgun, rifle or deadly weapon as defined in the penal law' in furtherance of the crime, or unlawfully engaged in sexual intercourse, oral sexual conduct, anal sexual conduct or sexual contact as defined in section 130.00 of the Penal Law (CPL § 722.23(2)(a), (c)). Here, the People conceded the reading was not met.
The matter must be transferred to Family Court if these factors are not present unless, within thirty calendar days of arraignment, the prosecutor moves to prevent the removal of the action to Family Court and establishes that extraordinary circumstances exist. (CPL § 722.23(1)(a), (d). The term "extraordinary circumstances" is not defined in the Raise the Age Law. (People v. Guerrero, 235 AD3d 1276, 1276 (4th Dept. 2025)). "The legislative history for CPL § 722.23 reveals that, in making an extraordinary circumstances determination, courts should 'look at all the circumstances of the case, as well as ... all of the circumstances of the young person,' including both mitigating and aggravating factors" (NY Assembly Debate on 2017 NY Assembly Bill A3009C, April 8, 2017 at 39; see id. at 40, 65); see also, People v. Guerrero, supra). The legislative history further provides that "the People would satisfy the 'extraordinary circumstances' standard where 'highly unusual and heinous facts are proven and there is a strong proof that the young person is not amenable or would not benefit in any way from the heightened services in the family court'". See also, People v T.P., 73 Misc 3d 1215(A) (Nassau County Ct 2021) citing Assembly Record, p. 39).
The People argue that extraordinary circumstances exist, stating that Defendant was caught carrying an illegal loaded firearm with an extended magazine holding 12 rounds of ammunition. Further, the People allege that AO E.H. attempted to flee from police officers despite their multiple attempts to stop him. In their motion, the People state that these actions rise to the level of "cruel and heinous" insomuch as removal to Family Court should be prevented, stating that AO E.H. had no regard for public safety or safety of the Police Officers [*3]that pursued AO E.H. on foot when he fled. There were no mitigating factors raised by Defense counsel on behalf of AO E.H.
This Court finds that highly unusual and heinous facts have not been proven. Unfortunately, gun possession charges are rather common among the youth seen by this Court. It is not alleged that this youth brandished the firearm or used said firearm in furtherance of any crimes. He did not cause physical harm to any other person, he did not damage any personal property, nor is it alleged that he committed a series of crimes over a short period of time. AO E.H. does not have a history in Youth Part.
Based on the information provided and the allegations presented by the People, this Court has no reason to believe that this Youth will not be amenable to the heightened services of Family Court (People v J.P., 80 Misc 3d 1205[A] (Youth Part, Erie County, 2023)).
New York State Assembly members debating the Raise the Age legislation indicated that the extraordinary circumstances requirement was intended to be a "high standard" for the District Attorney to meet, and denials of transfers to Family Court "should be extremely rare" (Assembly Record, p. 39.) Extraordinary circumstances do not exist to prevent the transfer of this action to Family Court. The People did not meet their burden to prevent removal of this action to Family Court. This constitutes the opinion, decision, and order of this Court.
SO ORDERED.
HON. BRENDA M. FREEDMAN